Kupfer Bros. Co. *v.* Chemical National Bank.    **13**

Misc. 13]                Supreme Court, October, 1925.

Kupfer Bros. Company, Plaintiff, *v.* The Chemical National Bank of New York, Defendant.

Supreme Court, New York County, October 7, 1925.

Banks and banking — action to recover moneys paid defendant's predecessor under agreement effecting credit for plaintiff in Berlin bank — plaintiff, having paid half of purchase price of said sale of credit of 50,000 marks, directed defendant's predecessor to instruct Berlin bank to pay 25,000 marks to foreign correspondent of plaintiff — plaintiff paid for unused 25,000 marks and requested defendant to direct Berlin bank to repay balance remaining to its credit in Berlin bank to foreign correspondent — marks not paid out though advices were sent but not received — agreement was sale of credit to plaintiff — defendant liable for breach thereof — plaintiff not required to place defendant in statu quo ante — filing claim with Mixed Claims Commission did not relieve defendant of liability.

Plaintiff, party to an agreement with defendant's predecessor, by which the latter agreed to purchase 50,000 marks valued at $9,078.12 and hold the same in its account with a Berlin bank as a credit balance therein, is entitled to judgment for the full amount paid as the balance on said purchase, where it appears that plaintiff, after having paid one-half of the purchase price of the said credit, directed defendant's predecessor to instruct the Berlin bank to pay 25,000 marks to plaintiff's foreign correspondent; that subsequently, war with Germany becoming imminent, at the request of defendant's predecessor, plaintiff paid for the unused 25,000 marks and requested said bank to instruct the Berlin bank to pay the remaining 25,000 marks to plaintiff's correspondent; that advices to this effect were sent the Berlin bank but owing to the outbreak of the World War the marks were not paid out.

The duty of defendant's predecessor, under the agreement, which effected a sale of credit to the plaintiff, to make available for plaintiff's use, on demand, a credit of 50,000 marks, was not discharged by the forwarding of instructions to the Berlin bank; therefore, its consequent failure to make the credit available in Berlin though not willful was a breach of its agreement with the plaintiff.

Plaintiff is not required to place the defendant in *statu quo ante* in order to be entitled to rescission in the absence of evidence that the defendant has changed its position to its disadvantage by reason of the transactions with the plaintiff, particularly where the purchase of the marks was for the defendant's general account with the Berlin bank, only a part of which was involved in its dealings with that bank. Moreover, plaintiff having received nothing has nothing to tender back.

Evidence as to a claim filed by defendant with the Mixed Claims Commission as a creditor of the Berlin bank, which included the 25,000 marks involved in this action, does not relieve the defendant of liability, notwithstanding the fact that defendant intended that the amount claimed before the Mixed Claims Commission was allocated for the account of the plaintiff and upon its allowance by said Commission would be turned over to plaintiff.

Action to compel refund of balance of purchase price paid for sale of credit to plaintiff.

*Horowitz, Rosston & Hort* [*Walter J. Rosston* and *Edwin Hort* of counsel], for the plaintiff.

*Shearman & Sterling* [*Chauncey B. Garver* of counsel], for the defendant.

LEVY, J.  This action was brought on for trial on an agreed state of facts and upon the usual Trial Term, Part III, stipulation.  The essential facts are as follows:

On March 9, 1916, the plaintiff entered into an agreement with the Citizens Central National Bank, defendant's predecessor, evidenced by the following letter prepared by the manager of the bank's foreign department, and signed by the plaintiff:

" CITIZENS CENTRAL NATIONAL BANK,
                    " New York City:

" GENTLEMEN.— We hereby purchase from you at 72⅝ 50,000 (Fifty Thousand) Marks exchange on Berlin and request you to hold this amount in your account with the Deutsche Bank, Berlin, Germany for our use.

" In consideration of your doing so, we hereby agree to pay you for the exchange as we use it at the aforesaid price, plus interest at the rate of 3% per annum for the time the exchange is held. You shall, however, have the right to call upon us t , pay for any unused portion of this amount at the aforesaid rate and interest at any time that you consider it advisable to do so.
                    "(signed)          KUPFER BROS. CO."

In a letter dated March 10, 1916, the bank confirmed the purchase of 50,000 marks at seventy-two and five-eighths, " value $9,078.12 which we will hold for your account subject to your further instructions, in accordance with your agreement dated March 9th, 1916."

On July 13, 1916, the plaintiff paid the defendant's predecessor one-half of the purchase price, having previously paid accrued interest, and requested the latter to instruct the Deutsche Bank to pay 25,000 marks to Wilhelm Stern & Co., one of plaintiff's correspondents in Germany.  These instructions were carried out. On March 29, 1917 — the war with Germany being imminent — defendant's predecessor requested the plaintiff to pay for the unused 25,000 marks and accordingly the plaintiff handed over the sum of $4,583.70 in payment of said marks at the agreed price, with accrued interest, and requested the bank to send instructions to cause the remaining 25,000 marks to be paid to Wilhelm Stern & Co.  Advices to this effect were sent, but apparently never received by the Deutsche Bank, owing to the outbreak of the war, and the marks were, therefore, not paid out.  Upon learning of

this fact for the first time on September 15, 1920, the plaintiff demanded of the defendant, the successor of the Citizens Central National Bank, the return of the money paid for the 25,000 marks. This action was thereafter commenced against the defendant for its refusal to refund such purchase price.

The defendant's contention is that when its predecessor purchased 50,000 marks on March 10, 1916, and placed the same to its credit in the Deutsche Bank, its obligation to the plaintiff was discharged, save for its duty to forward instructions as these were given by the plaintiff, for payment out of this account. This duty it also claims to have complied with, the non-receipt of the instruction by the Deutsche Bank having been due to circumstances beyond its control.

The difficulty with the defendant's position is that when its predecessor purchased the 50,000 marks which it placed to its own account in the Deutsche Bank, it did so for its own convenience and not for the strict purpose of making this particular sum available for plaintiff's use. This is proved by the fact that at various times between March 10, 1916, and March 29, 1917, the defendant's mark account with the German bank fluctuated to such an extent that at times it was considerably below the requirements of the plaintiff under the contract. In fact, the balance was temporarily wiped out in June and July, 1916. As defendant admits in its brief, " the defendant's credit facilities with the Deutsche Bank were such that the latter made the payment of 25,000 marks in July, 1916, pursuant to instructions, even without the defendant's having a credit balance to that amount." The transaction was, therefore, tantamount to a sale of credit, an agreement by the defendant to make available for plaintiff's use, upon demand, the sum of 50,000 marks. This duty the defendant did not discharge by the mere forwarding of instructions to the Deutsche Bank to pay to the plaintiff's correspondent the sums demanded. If the German institution had refused to pay such sums according to instructions there is little doubt but that the plaintiff would have had a cause of action for the return of the money paid by it, on the ground of failure of consideration. As was said by Judge CARDOZO in *Sokoloff* v. *National City Bank* (239 N. Y. 158, 166): " The defendant is not a bailee for the plaintiff, nor were any of its assets ear-marked to the plaintiff's use." Consequently the plaintiff in that event would have had no independent cause of action against the German bank and its only recourse would have been against the defendant. There is no reason why the same remedy should not obtain under the facts as they actually appear here.

When the plaintiff paid the sum of $4,583.70 on March 29, 1917, on the defendant's agreement to make 25,000 marks available for its use in Berlin, the transaction was still executory in so far as this portion of the original agreement is concerned. The failure of the defendant to make this sum so available in Berlin, even though not willful, was a breach of its agreement, and the consequence of such failure cannot be visited upon the plaintiff. The only question remaining is whether plaintiff is entitled to rescission without offering to put the defendant in *statu quo ante*. In answer to this it may be said there is no evidence that the defendant has changed its position to its disadvantage by reason of the transactions with the plaintiff. It is true that it purchased 50,000 marks after entering into its original agreement with the plaintiff. But this purchase was for its general account with the Deutsche Bank and but part of an amount involved in its miscellaneous dealings with that bank. Furthermore, as Mr. Justice BIJUR points out in *Bank of United States* v. *National City Bank* (123 Misc. 801, 804), quoting from Woodward on Quasi Contracts (1913, § 270): " The use of the word ' rescission ' in this connection is unfortunate and confusing. * * * What the term really means, when used with reference to the right to restitution, is that, upon the repudiation or substantial breach of a contract, the injured party may elect to *disregard* his contract * * * and demand restitution in value for what he has done."

He then indicates that a cause of action for money had and received arises immediately upon the breach. The language of the learned justice (at p. 805) is clearly applicable here: " In the present case it is quite clear that plaintiff has nothing to rescind. On the contract date defendant had not performed its agreement. Nothing remained of the contract. Plaintiff had received nothing and defendant had plaintiff's money. * * * Having received nothing, plaintiff has nothing to tender back; having done nothing to induce or aid the defendant to change its position, he is not subject to any claim of estoppel or waiver."

One more fact remains to be mentioned in regard to any possible bearing it may have upon the decision of this cause. The defendant filed a claim with the Mixed Claims Commission as a creditor of the Deutsche Bank and included within it the 25,000 marks, the failure to pay which sum gave rise to this action. Evidence, however, is offered over the objection of the plaintiff, that defendant's own records, of which the former was unaware, show that the amount so claimed was intended for the account of the plaintiff, and upon its allowance by the Mixed Claims Commission it would be turned over to the plaintiff. This evidence, even if admitted,

could not possibly change the result, and it is, therefore, unnecessary to rule upon its relevancy, materiality or competency. The defendant having agreed to keep ready for plaintiff's use 25,000 marks of its balance with the Deutsche Bank, having received payment for this and having failed to make compliance, the plaintiff is entitled to recover the sum paid as in an action for moneys had and received. Judgment is, therefore, awarded to the plaintiff in the sum of $4,583.70 with interest from March 29, 1917, together with costs and disbursements.